

# The Attorney General of Texas

August 8, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Mr. Jim W. Weatherby, Chairman
School Tax Assessment Practices Board
3301 Northland Drive, Suite 500
Austin, Texas 78731

Opinion No. H- 1225

Re: Authority of the School
Tax Assessment Practices Board
to hear appeals of valuations.

Dear Mr. Weatherby:

You have requested our opinion regarding the authority of the School Tax Assessment Practices Board to hear appeals of valuations. Section 16.252(d) of the Education Code provides:

> The commissioner of education shall adjust the values reported in the official compilation to reflect reductions in taxable value of property resulting from natural or economic disaster since January 1, 1975. The commissioner shall make a preliminary determination of each district's share of its guaranteed entitlement under the Foundation School Program for the 1977-1978 and 1978-1979 school years no later than August 15, 1977 and 1978 respectively. Each district shall have the right to appeal its value based on the 1976 official compilation of school district property values prepared by the Governor's Office, Education Resources. Prior to October 1, 1977, appeals shall be reviewed by the commissioner of education and these appeals to the commissioner shall not be subject to the provisions of the Administrative Procedure and the Texas Register Act. Appeals thereafter shall be held pursuant to Section 11.86(d) of this code. The decision of the commissioner of education shall be final and shall be completed no later than October 1, 1977. Thereafter, the decision of the School Tax Assessment Practices Board may be appealed pursuant to Section 11.86(e) of this code.

Thus, it is clear that, as to determinations made by the commissioner for the 1978-79 school year, appeals therefrom are governed by section 11.86(d).

You specifically ask whether you have authority to adjust values found in the official compilation of school district values prepared by the Governor's Office, Education Resources. If so, you ask whether such adjustments must be as a result of natural or economic disaster occurring since January 1, 1975.

Subchapter F, Chapter 11, Title 2 of the Education Code, enacted in the 65th Legislature, establishes the School Tax Assessment Practices Board and outlines its duties. Section 11.86(d) deals with the means by which a school district may protest the preliminary findings of the board regarding total market value and index value of all property within the district:

> (d) A school district may protest the board's findings within 30 days after the date on which the findings are certified to the commissioner by filing a petition with the board specifying the grounds for its objection. After receipt of a petition, the board shall hold a hearing. If after a hearing the board concludes that its findings should be changed, the board shall order the changes it finds appropriate and shall certify the changes to the commissioner of education. The board shall complete all protest hearings and certify all changes before January 1 of each odd-numbered year.

Although it is the commissioner of education who is responsible under section 16.252(d) for making the preliminary findings, we nonetheless believe that section 11.86(d) may be applied to appeals thereunder. The procedural aspects of the appeal are not affected by recognizing that the appeal is taken from the commissioner rather than from the board.

In answer to your specific question, the board is not itself authorized to make the initial adjustment of taxable value based upon natural or economic disaster. That duty is assigned to the commissioner. If the district appeals the commissioner's determination to the board, however, the board is required to hold a hearing, and if it concludes that the commissioner's findings are in error, it must "order the changes it finds appropriate." In our opinion, the board may at that time adjust property values as it deems appropriate, and is not limited to adjustments based on natural or economic disaster occurring since January 1, 1975.

### S U M M A R Y

> Although the commissioner of education must make a preliminary determination of any reduction in taxable value as a result of natural or economic disaster on all property within a school district, the School Tax Assessment Practices Board is required to hear appeals therefrom, and, after such hearing, it may adjust property values as it deems appropriate.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn